UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEMARKO SANDERS,<br>    Plaintiff,<br>v.<br><br>DUSTIN L. BLOM, STAT EMS<br>INC., FARMERS INSURANCE,<br>and CITY OF FLINT,<br>    Defendants.<br>_____/ | Case No. 24-10615<br><br>David M. Lawson<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## REPORT AND RECOMMENDATION: SCREENING COMPLAINT

### I.    PROCEDURAL HISTORY

Plaintiff Demarko Sanders filed this 42 U.S.C. § 1983 lawsuit following a vehicle accident in April 2017. (ECF No. 1). He is proceeding *in forma pauperis*. (ECF No. 8). This case was referred to the undersigned for screening and for pretrial matters excluding dispositive motions. (ECF No. 9).

The undersigned reviewed the complaint and recommends that it be dismissed as filed beyond the statute of limitations.

### II.    COMPLAINT ALLEGATIONS

Plaintiff alleges that he was part of a vehicle accident on April 28, 2017. He and his passengers were stopped at a traffic light. Defendant Blom, travelling in an emergency services vehicle, was driving near Plaintiff. Blom changed lanes, hit

another vehicle, then changed course and struck Plaintiff's car. (ECF No. 1, pageID.2). Plaintiff's car was then pushed into oncoming traffic forcing him to hit yet another vehicle. He suffered spinal injuries and have been receiving medical treatment since that day. (*Id.* at PageID.3).

To explain why Plaintiff did not file this lawsuit until March 2024, he says he was incarcerated on January 24, 2018, and sentenced to 60 months imprisonment on January 15, 2020. During June 2020 and after, he was transferred to different correctional facilities. (*Id.*).

Plaintiff seeks $2 million in damages.

### III. ANALYSIS AND RECOMMENDATIONS

#### A. Governing Standards

When a plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal standard of Federal Rule of Civil Procedure 12(b)(6) described in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), governs failure to state a claim under § 1997e(c). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn,

3

J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

    B.    <u>Discussion</u>

Plaintiff's complaint is untimely.

Plaintiff asserts that his claims arise under 42 U.S.C. § 1983. Whether Plaintiff raises federal claims (this is unclear on the face of the complaint) or raises claims only for violating Michigan law, the Court looks to Michigan for the statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Michigan, a claim for personal injury must be commenced within three years of the date of the injury. Mich. Comp. Laws § 600.5805(2).

A lawsuit for events that occurred on April 28, 2017, needed to be filed on or before April 28, 2020. Plaintiff's March 11, 2024, is beyond the statute of limitations.

Plaintiff appears to rely on his incarceration to support his inability to file his complaint until March 2024. But incarceration does not toll the statute of limitations because it is no longer a basis for tolling under Michigan law. *See Ziegler v. State of Michigan*, 2000 WL 1434496, at *2 (6th Cir. 2000); *Reed v. Correct Care Sol'n*, 2023 WL 3168658, at *2 (E.D. Mich. Apr. 28, 2023); Mich. Comp. Laws § 600.5851(10). The one-year grace period in § 600.5851(10) applies

4

to causes of action that accrued before April 1, 1994, the effective date of the statute, and thus does not apply to Plaintiff's action. *Ziegler*, 2000 WL 1434496, at *2.

"Where a plaintiff subject to § 1915(e) files a case outside of the statute of limitations, *sua sponte* dismissal is appropriate." *Tippins v. Caruso*, No. 2015 WL 11256570, at *4 (E.D. Mich. Sept. 1, 2015) (citing *Day v. E.I. Du Pont de Nemours & Co.*, 165 F.3d 27, 27 (6th Cir. 1998)) ("Where a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law or fact and therefore may be dismissed as frivolous under § 1915(e)(2)(B)."). Because Plaintiff did not file this personal injury lawsuit within three years of the date of the vehicle accident, his action is time-barred and should be dismissed.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's case be **DISMISSED.**

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date: July 15, 2024.

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on July 15, 2024.

                                                                          <u>s/Sara Krause</u>
                                                                          Case Manager
                                                                          (810) 341-7850